IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

Ronnie R. Rice, Sr., on behalf of the )
Estate of Ronnie Rice, Jr. deceased, )
as the administrator of the estate of )
Ronnie R. Rice, Jr., deceased, )
                                                     )
        Plaintiff, )
                                                     )        Case No.:
Vs. )
                                                       )
Randolph County Sheriff's Department, )
Randolph County Jail, and Chief Deputy )
Donnie Strain, AND No. 1, whether singular )
or plural, that Police Department, )
Municipality, or facility which undertook )
to provide supervision to the plaintiff on )
the occasion made the basis of this suit, )
the negligence, deliberate indifference, )
breach of contract or other actionable )
conduct of which contributed to cause )
injury to plaintiff; No. 2, whether )
singular or plural, that entity which )
undertook to provide supervision to )
plaintiff on the occasion made the basis )
this suit, the negligence, deliberate )
indifference breach of contract, or other )
actionable conduct of which contributed to )
cause injury to plaintiff; No. 3, whether )
singular or plural, that partnership, )
professional association, or professional )
corporation which undertook to provide )
supervision to plaintiff on the occasion )
made the basis of this suit, the negligence, )
deliberate indifference breach of contract, or )
other actionable conduct of which contributed )
to cause other actionable conduct of which )
contributed to cause injury to plaintiff; )
No. 4, whether singular or plural, that person )
who, as Sheriff, Police Officer, Deputy, )
employee, or agent of any of the fictitious )

parties described above in items 1 through 3,    )
inclusive, undertook to provide any supervision  )
or related service to plaintiff on the occasion  )
made the basis of this suit, the negligence,     )
deliberate indifference breach of contract, or   )
other actionable conduct of whom contributed to  )
cause injury to plaintiff; *No. 5,* whether      )
singular or plural, that Sheriff (including an   )
Officer, Security Officer, or fellow) who        )
undertook to provide supervision to plaintiff    )
on the occasion made the basis of this suit,     )
the negligence, deliberate indifference breach   )
of contract, or other actionable conduct of whom )
contributed to cause injury to plaintiff;        )
Plaintiff avers that the identity of the         )
fictitious party defendants is otherwise unknown )
to plaintiff at this time, or, if their names are)
known to plaintiff at this time their identity as)
proper party defendants is not known to plaintiff)
at this time; but their true names will be       )
substituted by amendment when the aforesaid      )
lacking knowledge is ascertained.                )

## PARTIES and JURISDICTION

1. The Plaintiff Ronnie R. Rice, Sr., the administrator of the Estate of Ronnie R. Rice, Jr. is over the age of nineteen and a resident of Randolph County, Alabama

2. The Defendant, Randolph County Sheriff's Department, is an entity located in Wedowee, Randolph County, Alabama.

3. The Randolph County Jail, is an entity located in Roanoke, Randolph County, Alabama.

4. Defendant Chief Deputy Donnie Strain is the Chief Deputy of the Defendant Randolph County Sheriff's Department.

5. Chief Deputy Donnie Strain knew and/or had prior knowledge of the suicidal condition of the Plaintiff and is a resident of Randolph County, Alabama.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) in that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## FACTS

1.      On or about February 2, 2022, Ronnie L. Rice, Jr., was arrested and incarcerated in the Randolph County Jail. Guards/jail personnel and individual officers were present at that time with prior knowledge that Mr. Rice was suicidal and had previously attempted suicide.

2.      At the time of his incarceration, Mr. Rice stated he was going to kill himself on February 2, 2022, after he had been incarcerated and no action was taken to prevent it.

3.      Ronnie L. Rice, Jr., had tried to hang himself in jail on prior occasion and at other times, prior to this incident, Randolph County Officers had been made aware of and were present on previous attempts.

4.      Prior to February 2, 2022, Ronnie L. Rice, Jr., on or about April 27, 2016, had attempted suicide in the presence of officers at or near the premises located at 1331 County Road 61, Roanoke, Alabama, where Mr. Rice resided, when officers were present to find his girlfriend had cut him down from a hanging attempt inside mobile home.

5.      On or about February 2, 2022, after vocalizing his distraught nature of attempting to kill himself, Ronnie L. Rice, Jr., at the Randolph County Jail, suffered a ligature wound by hanging in the presence of officers, guards & jail personnel.

6.      Mr. Rice was transported via emergency transport where he was pronounced dead as the result of hanging.

## *ALLEGATIONS*

7.      The Defendants identified above were responsible for the physical and mental health care of Ronnie R. Rice, Jr. upon incarceration. They were in the position described at the point of arrest of Ronnie R. Rice, Jr. In those positions, they acted under color of state law and within the scope of their authority and duty.

8.      On or about February 2, 2022, Ronnie L. Rice, Jr., was arrested and incarcerated in the Randolph County Jail. Guards/jail personnel and individual officers were present at that time with prior knowledge that Mr. Rice was suicidal and had previously attempted suicide.

9.      At the time of his incarceration, Mr. Rice stated he was going to kill himself on February 2, 2022, after he had been incarcerated and no action as taken to prevent it.

10.      Ronnie L. Rice, Jr., had tried to hang himself in jail on prior occasion and at other times, prior to this incident, Randolph County Officers had been made aware of and were present on previous attempts.

11.     Prior to February 2, 2022, Ronnie L. Rice, Jr., in or approximately June, 2017, had attempted suicide in the presence of officers at or near the premises located at 1331 County Road 61, Roanoke, Alabama, where Mr. Rice resided, when officers talked him down from a hanging attempt on the porch.

12.     On or about February 2, 2022, after vocalizing his distraught nature of attempting to kill himself, Ronnie L. Rice, Jr., at the Randolph County Jail, suffered a ligature wound by hanging in the presence of officers, guards & jail personnel.

13.     Mr. Rice was transported vis emergency transport where he was pronounced dead as the result of hanging.

14.     Ronnie R. Rice, Jr. died of:

   Asphyxia, due to Hanging, Suicide

15.     Significant events which implicate the defendants in addition to those described above took place in the period before Ronnie R. Rice, Jr.'s death. They are as follows in chronological order.

16.     Officers and Administrators and Police Officers were put on notice by Ronnie R. Rice, Jr.'s family, with knowledge of Officers employed by the Defendants that Ronnie R. Rice, Jr. was in a suicidal state, which is a serious mental condition. The Defendants knew of his suicidal tendencies and serious mental condition and failed to provide necessary supervision, precautions and mental medical attention to him, acting with deliberate indifference. Deliberate indifference to an inmate's medical needs is cruel and unusual punishment.

17.     Despite notice of suicidal tendencies regarding Ronnie R. Rice, Jr. by his family, Police Officers employed with the Defendants, Ronnie R. Rice, Jr. was not supervised, no precautions were taken and mental medical attention, mental medical treatment that care providers within the relevant profession, if contacted, would have provided, and he died by hanging as a result thereof. The Defendants neglected the serious mental medical treatment required for Ronnie R. Rice, Jr. and he died as a result thereof.

18.     The Defendants identified above were responsible for the physical and mental health care of Ronnie R. Rice, Jr. upon incarceration. They were in the position described at the point of arrest of Ronnie R. Rice, Jr. In those positions, they acted under color of state law and within the scope of their authority and duty.

19.     Defendant Chief Deputy Donnie Strain was serving in the capacity of Chief Deputy and was acting under color of law. Defendant Chief Deputy Strain promulgated rules, regulations, policies, and procedures as Chief Deputy of Randolph County for provision of mental health care by medical personnel and correctional officers to detainees in the Randolph County Jail. He is sued here in his official capacity.

20. On or about February 2, 2022, Ronnie L. Rice, Jr., was arrested and incarcerated in the Randolph County Jail. Guards/jail personnel and individual officers were present at that time with prior knowledge that Mr. Rice was suicidal and had previously attempted suicide.

21. At the time of his incarceration, Mr. Rice stated he was going to kill himself on February 2, 2022, after he had been incarcerated and no action was taken to prevent it.

22. Ronnie L. Rice, Jr., had tried to hang himself in jail on prior occasion and at other times, prior to this incident, Randolph County Officers had been made aware of and were present on previous attempts.

23. Prior to February 2, 2022, Ronnie L. Rice, Jr., on or about April 27, 2016, had attempted suicide in the presence of officers at or near the premises located at 1331 County Road 61, Roanoke, Alabama, where Mr. Rice resided, when officers were present to find that his girlfriend had cut him down from a hanging attempt inside a mobile home.

24. On or about February 2, 2022, after vocalizing his distraught nature of attempting to kill himself, Ronnie L. Rice, Jr., at the Randolph County Jail, suffered a ligature wound by hanging in the presence of officers, guards & jail personnel.

25. Mr. Rice was transported via emergency transport where he was pronounced dead as the result of hanging.

26. Ronnie R. Rice, Jr. died of:

      Asphyxia, due to Hanging, Suicide

27. The above-described omissions and failures of care were proximate causes of Brian Stafford's death.

28. In addition to the facts of " deliberate indifference" alleged above, Defendant Randolph County Police Department acted with deliberate indifference towards Brian P. Stafford's serious mental medical needs. Deliberate Indifference to an inmate's medical needs is cruel and unusual punishment.

29. Defendants are responsible for Ronnie R. Rice, Jr.'s death because Defendants failed to follow procedure, which if followed, would have ensured that Ronnie R. Rice, Jr., received proper mental medical treatment to prevent his death. This failure constitutes negligence and deliberate indifference. Deliberate Indifference to an inmate's medical needs is cruel and unusual punishment.

## CLAIMS FOR RELIEF

The Plaintiff supports the following claims by reference to the previous paragraphs of this complaint.

### FIRST CLAIM

30. Acting under color of Law, and violation of 42 U.S.C. §1983 Due Process, the Defendants inflicted cruel and unusual punishment on Ronnie R. Rice, Jr. by acting with deliberate indifference towards his serious mental medical needs, causing him severe injury ending in his death. Deliberate Indifference to an inmate's medical needs is cruel and unusual punishment. The Defendants are jointly and severally liable for depriving Ronnie R. Rice, Jr. of the protection afforded him by the Eighth and Fourteenth Amendments of the United States Constitution.

### SECOND CLAIM

31. The Defendants are jointly and severally liable for the wrongful death of Ronnie R. Rice, Jr. They did not provide Ronnie R. Rice, Jr. with the mental medical treatment that care providers within the relevant profession, if contacted, would have provided.

### THIRD CLAIM

32. The Defendants are jointly and severally liable for negligence resulting in the wrongful death of Ronnie R. Rice, Jr. They failed to contact providers within the relevant profession to perform basic standards of care due Ronnie R. Rice, Jr. and the police department policies for monitoring his mental/suicidal condition.

### DAMAGES AND PRAYER FOR RELIEF

Based on the foregoing allegations and claims, the Plaintiff respectfully demands the following relief

1. $5,000,000 Compensatory plus punitive damages as allowed by law against the Defendant.

Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

_____
Christopher R. Smitherman
Attorney for the Plaintiff
725 West Street
Montevallo, Alabama 35115
205-665-4357
crsmithermanllc@bellsouth.net

STATE OF ALABAMA
RANDOLPH COUNTY

The Plaintiff being first duly sworn, deposes and says on oath that the averments of the foregoing complaint are true and correct to the best of the Plaintiff's knowledge, information and belief.

X Ronnie Lee Rice Sr.
Plaintiff/Affiant

SWORN TO AND SUBSCRIBED BEFORE ME on this the 31st day of January, 2023, at 725 West St Montevallo Alabama, witness my hand and official seal of office.

_____
Notary Public
My Commission Expires: 05/01/2024

CHRIS SMITHERMAN
NOTARY PUBLIC, ALABAMA STATE AT LARGE
MY COMMISSION EXPIRES MAY. 01, 2024

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

**_Defendants Address_**
Randolph County Jail
c/o Sheriff David Cofield
P. O. Box 347
Wedowee, Alabama 36278

Chief Deputy Donnie Strain
Randolph County Jail
P. O. Box 347
Wedowee, Alabama 36278

**_Please Serve Defendant by Certified Mail_**

Randolph County Sheriff's Office
c/o Sheriff David Cofield
P.O. Box 347
Wedowee, Alabama 36278

_____
COUNSEL