IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RONNIE R. RICE, SR., as Administrator of the Estate of Ronnie R. Rice, Jr.,<br><br>Plaintiff,<br><br>v.<br><br>RANDOLPH COUNTY SHERIFF'S DEPARTMENT, *et al.*,<br><br>Defendants. | CASE NO. 3:23-cv-71-RAH<br>[WO] |

## MEMORANDUM OPINION AND ORDER

This case concerns the suicide death of a pretrial detainee being held in the Randolph County jail. The Plaintiff estate brings a deliberate indifference claim under 42 U.S.C. § 1983 and wrongful death claims under Alabama law against the Randolph County Sheriff's Department, the Randolph County Jail, and Chief Deputy Donnie Strain of the Randolph County Sheriff's Department, as well as several unnamed fictitious parties. Pending before the Court are two Motions to Dismiss (Docs. 11, 13) and a Motion to Strike Fictitious Parties (Doc. 15). The Court held a telephone hearing to discuss the pending motions on March 23, 2023. For the reasons that follow, the motions are due to be granted.

The Randolph County entities argue they are not suable entities under Alabama law, and accordingly, monetary relief under both federal and state law may

1

not be sought against them.  The Court agrees.  *See Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992) ("Under Alabama law, a county sheriff's department lacks the capacity to be sued." (citing *White v. Birchfield,* 582 So. 2d 1085, 1087 (Ala. 1991)); *Holifield v. City of Mobile Mun. Ct.*, No. 07-0309-CG-B, 2009 WL 793516, at *2 (S.D. Ala. Mar. 19, 2009) ("Generally, a sheriff's department operates a county jail.  Because an Alabama sheriff's department lacks the capacity to be sued, then, it follows that the jail likewise lacks the capacity to be sued."  (collecting cases)). Accordingly, the Randolph County entities are due to be dismissed.

Deputy Strain likewise filed a Motion to Dismiss or, in the Alternative, Motion for More Definite Statement.  (Doc. 14.)  The Court agrees with Deputy Strain that the Complaint is an impermissible shotgun pleading and that Deputy Strain is entitled to a more definite statement under Fed. R. Civ. P. 12(e).[1]  When faced with a shotgun pleading, a court should strike the complaint and instruct plaintiff to file a more definite statement.  *See Davis v. Coca-Cola Bottling Co. Consol.,* 516 F.3d 955, 984 (11th Cir. 2008), *abrogated on other grounds by Bell*

---

[1] "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'"  *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (per curiam) (citation omitted).  The Eleventh Circuit has identified four general types of shotgun pleadings.  *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).  "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

*Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Accordingly, the Court will grant Deputy Strain's motion to the extent it seeks a more definite statement.[2] Furthermore, the Court will permit the Plaintiff estate to file an amended complaint against Deputy Strain that conforms with the Federal Rules of Civil Procedure. In filing an amended complaint, the Plaintiff estate shall ensure that it avoids the pitfalls of shotgun pleading and complies with applicable pleading requirements, including the requirement under Fed. R. Civ. P 8(a)(2) of "a short and plain statement of the claim showing that the pleader is entitled to relief." And additionally, with respect to the § 1983 claim, the Plaintiff estate is cautioned that it should comply with governing federal law concerning the pleading of § 1983 claims against sheriff's department officials who are sued in their individual and/or official capacities for conduct that they were either directly involved in or were involved in from a supervisory capacity.

The Court also agrees that all fictitious party defendants are due to be stricken from this proceeding. Fictitious party practice generally is not permitted or recognized in federal proceedings. *See Richardson v. Johnson*, 598 F.3d 734, 738

---

[2] As the Plaintiff estate has yet to file any amended complaints, the Court finds it appropriate to allow the estate an opportunity to take another bite at the apple. Fed. R. Civ. P. 15(a)(2) directs that the Court "should freely give leave when justice so requires." Thus, Rule 15's policy "in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989). Accordingly, Deputy Strain's Motion to Dismiss is due to be denied.

(11th Cir. 2010) (per curiam); *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997). As the Plaintiff estate has not filed a response indicating why an exception to this rule should apply, the fictitious parties will be stricken from this proceeding.

Accordingly, it is **ORDERED** as follows:

1. Defendant Randolph County Sheriff's Department and the Randolph County Jail's Motion to Dismiss (Doc. 11) is GRANTED. The Randolph County Sheriff's Department and the Randolph County Jail are dismissed from this action without prejudice.

2. Defendant Donnie Strain's Motion to Dismiss or, in the Alternative, Motion for More Definite Statement (Doc. 13) is GRANTED to the extent it seeks a more definite statement but DENIED to the extent it seeks dismissal of this action.

3. The Defendants' Motion to Strike Fictitious Parties (Doc. 15) is GRANTED.

4. Plaintiff is granted leave to file an amended complaint on or before **April 14, 2023**, which must correct the deficiencies discussed herein and during the Court's hearing on the pending motions.

5. Failure to file an amended complaint within the time provided may result in the dismissal of all counts against Defendant Strain without further notice.

**DONE**, on this the 24th day of March, 2023.

/s/ R. Austin Huffaker, Jr.
_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE